IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| ADAM BROOK | § | |
| | § | |
| Plaintiff, | § | CIVIL ACTION No. 1:23CV379 |
| | § | |
| v. | § | |
| | § | |
| WILLIAM HOLZERLAND, FOIA | § | JUDGE MARCIA A. CRONE |
| OFFICER; AND U.S. DEPARTMENT OF | § | |
| HEALTH AND HUMAN SERVICES, | § | |
| | § | |
| | § | |
| Defendants. | § | |

**DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO DISMISS**

Defendants William Holzerland, FOIA Officer (hereinafter "Holzerland") and the United States Department of Health and Human Services (hereinafter "HHS" or the "Agency", and along with Holzerland, collectively "Defendants"), file this Reply in support of their motion dismiss this case pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure (ECF No. 9).

**INTRODUCTION**

Plaintiff's Response to the Motion to Dismiss has narrowed the issues. Plaintiff has agreed to dismiss Defendant Holzerland. Resp. at p. 17[1]. Plaintiff has also agreed that Request 15F293 is not a basis of the claims in this case. Resp. at p. 3. Thus, the only remaining issues are whether the statue of limitations bars Plaintiff's claims, which were filed more than six years after they accrued. In the Response, Plaintiff does not dispute that his claims constructively accrued more than six years prior to filing this case. However, Plaintiff argues the Court should apply a number of

---

[1] Defendants have not received a file-marked copy of the Response. For this reason, citations to the Response will refer to the page numbering on the Response rather than the page numbers assigned through CMECF.

equitable doctrines to save his claims. The Court should not. Section 2401(a) is a jurisdictional statute. Therefore, equitable tolling is not available. Moreover, even if equitable tolling or equitable estoppel were available, the facts of this case fail to establish the elements of those doctrines. Accordingly, Plaintiff's claims are not timely, and dismissal is appropriate pursuant to Rule 12(b)(1).

**I.     Section 2401(a)'s statute of limitations is jurisdictional.**

The vast majority of Fifth Circuit cases, including the most recent opinions, hold that Section 2401(a)'s six-year statute of limitations is jurisdictional. In the Response, Plaintiff identifies a Fifth Circuit opinion showing there is some conflicting precedent in the Fifth Circuit. *See* Resp. at p. 10 (citing *Clymore v. United States*, 217 F.3d 370 n.6 (5th Cir. 2000)). However, most cases, and the most recent cases, hold the statute of limitations is jurisdictional, including multiple published opinions. *See State v. Retting*, 987 F.3d 518, 529 (5th Cir. 2001) ("[U]nlike the ordinary world of statutes of limitations, here the failure to sue the United States within the limitations period deprives us of jurisdiction."); *Am. Stewards of Liberty v. Dep't of Interior*, 960 F.3d 223, 229 (5th Cir. 2020) ("In other words, a failure to sue the United States within the limitations period for a specific cause of action is not merely a waivable defense. It operates to deprive federal courts of jurisdiction.") (internal quotations omitted); *Gen. Land Office v. Dep't of the Interior*, 947 F.3d 309, 318 (5th Cir. 2020) ("The timing requirement is jurisdictional, because it is a condition of the United States' waiver of sovereign immunity."). Though the opinion was not published, the Fifth Circuit most recently addressed the issue last year and again found Section 2401(a) to be jurisdictional. *See Ades v. United States*, 2022 WL 1198206, at *1 (5th Cir. Apr. 22, 2022) ("Missing the deadline is not without consequences. A failure to sue the United States within the limitations period for a specific cause of action is not merely a waivable defense. It operated

to deprive federal courts of jurisdiction.") (cleaned up). Notably, Circuit Judge Jacques L. Wiener Jr., who wrote the decision in *Clymore*, was a member of the panel that issued the *per curiam* opinion in *Ades*, which held that Section 2401(a) is jurisdictional. Because this Court is bound by Fifth Circuit precedent, the majority and most recent iterations of which hold Section 2401(a) is jurisdictional,[2] the Court should follow this line of cases and hold Section 2401(a) is jurisdictional.

## II.     Equitable tolling is not available because Section 2401(a)'s statute of limitations is jurisdictional.

Recognizing his claims are time-barred pursuant to Section 2401(a)'s six-year statute of limitations, Plaintiff invites the Court to equitably toll the statute of limitations in this case. The Court should reject this invitation because equitable tolling is not applicable where a statute of limitations is jurisdictional. The Supreme Court addressed the relationship between jurisdictional bars and equitable tolling in *United States v. Kwai Fun Wong*, 575 U.S. 402, 408–09 (2015). There, the Court explained, that although a rebuttable presumption of equitable tolling may exist for statutes that waive sovereign immunity, the presumption may be rebutted by showing that Congress made the statute of limitations at issue jurisdictional. *Id.* Simply put, equitable tolling is not available when a statute of limitations is jurisdictional. The Fifth Circuit explained this in *Texas v. United States*, "jurisdictional limitations—are strong medicine for litigants, attorneys, and judges alike, for with a want of subject matter jurisdiction, the court is deprived of all authority to hear a case: it must dismiss the case irrespective of equitable considerations, and it must do so even when the timeliness arguments have been waived." 891 F.3d 553, 559 (5th Cir. 2018)

---

[2] Plaintiff spends a significant portion of the Response discussing non-binding cases from other circuits that conclude Section 2401(a) is not jurisdictional. Defendants do not dispute there is a circuit split regarding the issue. However, this is not an issue of first impression in the Fifth Circuit. As explained, the majority, and most recent Fifth Circuit opinions, hold Section 2401(a) is jurisdictional. As such, the Court need only follow that binding precedent and need not consider decisions of from other circuits.

(internal citations and quotations omitted) (quoting *Herr v. U.S. Forest Serv.*, 803 F.3d 809, 814 (6th Cir. 2015) and *Kwai Fun Wong*, 575 U.S. at 409). District courts in the Fifth Circuit have reached the same conclusion when construing Section 2401(a)'s statute of limitations. *Porter v. Leavitt*, Civ. Action No. 22-76-BAJ-SDJ, 2023 WL 2705854, at *7 n.14 (M.D. La. Mar. 9, 2023) ("equitable tolling is not available where a statute of limitations is jurisdictional"); *Starr v. Sec'y of U.S. Dep't of Homeland Sec.* No. PE:19-cv-053-DC, 2022 WL 3644188, *2 (W.D. Tex. June 3, 2022) ("because the Court considers 28 U.S.C. § 2401(a) to be a jurisdictional statute, equitable tolling is unavailable to Plaintiff."). In this case, because Section 2401(a) is jurisdictional, equitable tolling is not available to Plaintiff, and this case must be dismissed as time barred.

**III.   Even if Section 2401(a) was not jurisdictional, Plaintiff is not entitled to equitable tolling.**

Equitable estoppel is not applicable to the facts presented in this case. A plaintiff is not entitled to equitable tolling unless he establishes both (1) that she pursued her rights diligently, and (2) "that some extraordinary circumstance stood in [her] way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010). "Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the case of action or is prevented in some extraordinary way from asserting his rights." *Rashidi v. Am. President Lines*, 96 F.3d 124, 128 (5th Cir. 1996). Courts have generally found that excusable neglect is not sufficient to justify equitable tolling. *Rashidi v. Am. President Lines*, 96 F.3d 124, 128 (5th Cir. 1996) (citing *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990)).

Plaintiff cannot establish that Defendants ever actively misled him regarding the filing of his complaint, or that he was prevented in an extraordinary way from exercising his rights. Plaintiff argues that he had numerous conversations with the Defendant as he appealed the response to his FOIA requests. *See* Resp. at p. 3–7. In general, these communications related to whether Plaintiff

still sought to pursue his appeal and provided explanations for some of the delay resolving his appeal. *Id.* Plaintiff does not identify any instance where Defendants "actively misled" him regarding his case. Moreover, Plaintiff has not identified any instance where Defendants told Plaintiff the statue of limitations was tolled, that he did not need to comply with the statute of limitations, or any similar statement that would have misled Plaintiff regarding the need to file a complaint in district court within six years of the request. If anything, the statements provided transparency regarding why so much time had elapsed. These types of statements do not rise to the level of actively misleading Plaintiff. Rather, the facts in this case more appropriately support a finding that Plaintiff's excusable neglect caused him to miss the deadline to file. But excusable neglect is not a sufficient basis to toll statutes of limitation. *Irwin*, 498 U.S. at 96. Therefore, even if equitable tolling was available to Plaintiff—it is not—he cannot establish the elements necessary to give rise to tolling since he has not shown he was actively misled by the Defendants, or that he was prevented in an extraordinary way from exercising his rights.

    **IV.**    **Equitable estoppel also does not apply in this case.**

The facts of this case do not support application of equitable estoppel against the Defendants. Valid assertions of equitable estoppel against the government are very rare, *Moosa v. I.N.S.*, 171 F.3d 994, 1003 (5th Cir. 1999), and the party seeking to estop the government bears quite a heavy burden, *Fano v. O'Neill*, 806 F.2d 1262, 1265 (5th Cir. 1987). To establish equitable estoppel against the government, the plaintiff must first establish the four traditional elements of equitable estoppel: (1) that the party to be estopped was aware of the facts, and (2) intended his act or omission to be acted upon; (3) that the party asserting estoppel did not have knowledge of the facts, and (4) reasonably relied on the conduct of the other to his substantial injury. *Id.* (quoting *United States v. Bloom*, 112 F.3d 200, 205 (5th Cir. 1997)). Additionally, the party must show

affirmative misconduct on the part of the government. *Linkous v. United States*, 142 F.3d 271, 277 (5th Cir. 1998). "Affirmative misconduct" requires an affirmative misrepresentation or affirmative concealment of a material fact by government. *Moosa*, 171 F.3d at 1004. For its conduct to be characterized as misconduct, the government's conduct must have been wrongful. *Linkous*, 142 F.3d at 278, n.3. The conduct must be more than mere negligence, delay, inaction, or failure to follow an internal agency guideline. *Fano*, 806 F.2d 1265.

In this case, the Complaint does not contain any allegations of affirmative misconduct on behalf of the government. Similarly, the communications Plaintiff attaches as exhibits to the Response do not rise to the level of affirmative misconduct. At most, these documents show delay or inaction. But that is insufficient to rise to the level of affirmative misconduct necessary to support a claim for equitable estoppel.

### V. Plaintiff's Privacy Act requests, if any, are also time-barred.

Plaintiff's Privacy Act requests are barred by its two-year statue of limitations. The Privacy Act has a two-year statute of limitations, which accrues once plaintiff knows or has reason to know of the violation. 5 U.S.C. 552a(g)(5). To the extent the Court construes Plaintiff's four FOIA requests as requests for information pursuant to 5 U.S.C. § 552a(d)(1), the two-year statute of limitation would have expired, at the latest, in 2019.

Similar to his efforts to save his FOIA causes of action, Plaintiff also invites the Court to save his Privacy Act claims by applying any of a variety of equitable doctrines. Resp. at p. 17–19. But Plaintiff's prayer for equity in the Privacy Act context is even weaker than in the FOIA context. In the Response, Plaintiff identifies multiple conversations with the agency which he claims "gulled [him] into not filing suit by assuring [him] that the Agency would review his FOIA and Privacy Act requests and appeals once the Agency worked through its massive backlog of

requests." Resp. at p. 18. The problem with Plaintiff's argument is all the communications Plaintiff relies on to support his argument occur in 2020 or later. *See* Resp. at p. 4–6. The Privacy Act's statue of limitations expired in 2019. Therefore, these communications cannot provide the basis for equitable tolling, estoppel, or quasi-estoppel. As such, Plaintiff's Privacy Act claims, if any, are barred by the Privacy Act's two-year statute of limitations.

## CONCLUSION

For the foregoing reasons, and for the reasons set forth in Defendants' Motion to Dismiss, the Court should dismiss this case *with prejudice*.

Respectfully submitted,

DAMIEN M. DIGGS
UNITED STATES ATTORNEY

JAMES GARLAND GILLINGHAM
Texas State Bar No. 24065295
james.gillingham@usdoj.gov
110 N. College, Suite 700
Tyler, TX  75702
(903) 590-1400
Fax: (903) 590-1436

## CERTIFICATE OF SERVICE

I hereby certify that on February 20, 2024, a true and correct copy of the foregoing document was filed electronically with the court and has been sent to Plaintiff as follows:

***Via Certified Mail/RRR***
Adam Brook
12333 Sowden Rd, Suite B PMB 21566
Houston, TX 77080

***Via Email***
adam@adambrookmail.com

                                    JAMES GARLAND GILLINGHAM
                                    Assistant United States Attorney