IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | |
|---|---|
| ADAM BROOK,<br><br>        Plaintiff,<br><br>vs.<br><br>WILLIAM HOLZERLAND, FOIA OFFICER; AND U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES,<br><br>        Defendants. | NO. 1:23-CV-00379-MAC-ZJH |

### REPORT AND RECOMMENDATION GRANTING DEFENDANTS' MOTION TO DISMISS

This case is assigned to the Honorable Marcia A. Crone, United States District Judge, and is referred to the undersigned United States Magistrate Judge for pretrial management. Pending before the court is Defendants William Holzerland and U.S. Department of Health and Human Services' *Motion to Dismiss*. Doc. No. 9. After careful review of the filings and applicable law, the undersigned concludes that Defendants' instant motion should be granted because pro se Plaintiff Dr. Adam Brook fails to state a claim against Defendant Holzerland and his claims against Defendant U.S. Department of Health and Human Services ("HHS") are time-barred by applicable statutes of limitation.

**I.    Factual and Procedural Background**

In 2015 and 2016, Dr. Brook filed four FOIA requests seeking various documents from HHS. Doc. No. 2 at 16–17. This case concerns the adequacy of HHS' response to those requests. Dr. Brook is a medical doctor who currently resides in Brookeland, Texas. *Id.* at 3. The documents he seeks relate to his termination from employment as a surgeon on October 5, 2009, following a surgery he conducted three days earlier on October 2, 2009. *Id.* at 6–7. Dr. Brook's *Complaint*

contains extensive factual allegations related to the surgery itself and the events preceding and following his termination. *See generally id.* However, the undersigned need not recount the entire underlying factual history, as the facts relevant to resolving the instant motion are straightforward and pertain to the timing of Dr. Brook's FOIA requests and appeals.

Three of Dr. Brook's FOIA requests are at issue in this case.[1] The first is request 16F116, which Dr. Brook submitted on February 20, 2016. *Id.* at 16–17. The second is request 16F128, which Dr. Brook submitted on February 25, 2016. *Id.* at 17. HHS responded to both requests over one year later, on March 10, 2017. *Id.* Dr. Brook filed an appeal of HHS' responses three days later, on March 13, 2017. *Id.* More than six years later, HHS ultimately denied Dr. Brook's appeal of requests 16F116 and 16F128 on September 25, 2023. *Id.*

The third request is 2016-00450, which Dr. Brook submitted on March 17, 2016. *Id.* In his *Complaint*, Dr. Brook contends that he had not received a response from HHS as of October 20, 2023. *Id.* at 18. Dr. Brook has not alleged that he filed any appeal related to this third request. *See generally* Doc. No. 2.

Dr. Brook filed his *Complaint* on October 20, 2023. *Id.* Defendants filed the instant *Motion to Dismiss* on February 1, 2024. Doc. No. 9. Dr. Brook filed his *Response* (Doc. No. 11) on February 15, 2024, and Defendants filed their *Reply* (Doc. No. 12) on February 20, 2024.

II. **Legal Standard**

  A. **Rule 12(b)(1) Motion to Dismiss**

A motion to dismiss filed under Rule 12(b)(1) of the Federal Rules of Civil Procedure challenges the subject-matter jurisdiction of a federal district court. *See* FED R. CIV. P. 12(b)(1).

---

[1] The fourth FOIA request mentioned in Dr. Brook's *Complaint*, request 15F293, was submitted on May 13, 2015. Doc. No. 2 at 16. Dr. Brook stated in his *Response* that he does not seek judicial review of request 15F293 in the instant lawsuit. Doc. No. 11 at 6. Accordingly, the undersigned construes Dr. Brook's claims as pertaining to only requests 16F116, 16F128, and 2016-00450.

The court "must presume that a suit lies outside [its] limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Gonzalez v. Limon*, 926 F.3d 186, 188 (5th Cir. 2019). "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Walmart, Inc. v. U.S. Department of Justice*, 21 F.4th 300, 307 (5th Cir. 2021) (quoting *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998)). A court must address a jurisdictional challenge before addressing a challenge on the merits under Rule 12(b)(6). *See Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

When ruling on a 12(b)(1) motion, a court may consider "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *In re S. Recycling, L.L.C.*, 982 F.3d 374, 379 (5th Cir. 2020). "[A] motion to dismiss for lack of subject matter jurisdiction should be granted only if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle the plaintiff to relief." *Ramming*, 281 F.3d at 161.

### B. Rule 12(b)(6) Motion to Dismiss

Under Rule 12(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). To survive a Rule 12(b)(6) motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plaintiffs must state enough facts to "nudge their claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at

678. When assessing a motion to dismiss under this rule, the court must accept as true all well-pleaded facts in the plaintiff's complaint and view those facts in the light most favorable to the plaintiff. *Allen v. Hays*, 65 F.4th 736, 743 (5th Cir. 2023). However, "[c]onclusory allegations, unwarranted factual inferences, or legal conclusions are not accepted as true." *Id.* (internal quotations omitted).

### C. Pro Se Pleading Standard

"A document filed pro se is to be liberally construed," and "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal citations and quotations omitted). However, regardless of whether the plaintiff is proceeding pro se or is represented by counsel, "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Nix v. Major League Baseball*, 62 F.4th 920, 928 (5th Cir. 2023), *cert. denied*, 144 S. Ct. 165 (2023) (quoting *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002)).

### III. Discussion

Dr. Brook asserts claims under FOIA and the Privacy Act and seeks to enjoin HHS from withholding records related to his three records requests. Doc. No. 2 at 18–19. Defendants move to dismiss Dr. Brook's claims on the basis that Defendant Holzerland is not a proper defendant for a FOIA action and that Dr. Brook's claims against HHS are barred by applicable statutes of limitation. Doc. No. 9 at 4–6, 9. The undersigned will discuss each contention in turn.

#### A. Defendant Holzerland is Not a Proper Party to Dr. Brook's FOIA or Privacy Act Claims

In his *Complaint*, Dr. Brook alleges that Defendant Holzerland is the Deputy Agency Chief FOIA Officer within HHS. Doc. No. 2 at 3. Defendant Holzerland moves to dismiss Dr. Brook's

4

FOIA claims against him because individual federal officials are not proper parties to FOIA actions. Doc. No. 9 at 9. The undersigned agrees. Under FOIA, a court has jurisdiction to "enjoin the *agency* from withholding agency records and to order the production of any agency records improperly withheld from the complainant." *See Batton v. Evers*, 598 F.3d 169, 173 n.1 (5th Cir. 2010) (citing 5 U.S.C. § 552(a)(4)(B)) (emphasis in original). Therefore, a FOIA plaintiff may only assert a claim against the federal agency, not an individual federal official. *Id.*; *see also Petrus v. Bowen*, 833 F.2d 581, 582–83 (5th Cir. 1987). The same rule applies regarding claims under the Privacy Act: only agencies, not individual defendants, may be sued under the Privacy Act. *See Flores ex rel. Est. of Flores v. Fox*, 394 F. App'x 170, 172 (5th Cir. 2010). Accordingly, all of Dr. Brook's claims against Defendant Holzerland should be dismissed.[2]

## B. Dr. Brook's FOIA Claims Against HHS are Barred by the Statute of Limitations in 28 U.S.C. § 2401(a)

HHS moves to dismiss Dr. Brook's FOIA claims on the basis that they are barred by the six-year statute of limitations provided in 28 U.S.C. § 2401(a). FOIA claims are governed by the provisions of § 2401(a). *See Harris v. Freedom of Info. Unit Drug Enf't Admin.*, No. CIV.A.3:06CV0176-R, 2006 WL 3342598, at *6 (N.D. Tex. Nov. 17, 2006); *see also Reep v. United States Dep't of Just.*, 302 F. Supp. 3d 174, 180 (D.D.C. 2018), *aff'd*, No. 18-5132, 2018 WL 6721099 (D.C. Cir. Dec. 18, 2018). This statute provides that "every civil action commenced against the United States shall be barred unless the complaint is filed within six years after the right of action first accrues." 28 U.S.C. § 2401(a).

The statute of limitations in § 2401(a) is a jurisdictional condition attached to the United States' waiver of sovereign immunity. *Gen. Land Off. v. U.S. Dep't of the Interior*, 947 F.3d 309,

---

[2] Dr. Brook states in his *Response* that he "does not oppose dismissal of Mr. Holzerland from this lawsuit provided the Agency will not rely on the absence of its Freedom of Information Officer as a defendant as a ground to avoid the claims." Doc. No. 11 at 22.

318 (5th Cir. 2020) (stating that "[t]his timing requirement [in § 2401(a)] is jurisdictional, because it is a condition of the United States' waiver of sovereign immunity"); *Am. Stewards of Liberty v. Dep't of Interior*, 960 F.3d 223, 229 (5th Cir. 2020) (stating that "failure to sue the United States within the limitations period for a specific cause of action is not merely a waivable defense. It operates to deprive federal courts of jurisdiction.") (internal quotations omitted); *Ades v. United States*, No. 22-10044, 2022 WL 1198206, at *1 (5th Cir. Apr. 22, 2022) (stating that "[m]issing the deadline is not without consequences . . . [The limitations period in § 2401(a)] operates to deprive federal courts of jurisdiction."). Because the limitations period in § 2401(a) is jurisdictional, courts must construe it strictly. *Harris*, 2006 WL 3342598, at *6. Therefore, if Dr. Brook's FOIA claims were filed more than six years after they accrued, this court is deprived of subject matter jurisdiction over those claims.

A FOIA claim accrues once the requester has actually or constructively exhausted their administrative remedies. *See* 5 U.S.C. § 552(a)(6)(C)(i) (stating that "[a]ny person making a request to any agency for records under paragraph (1), (2), or (3) of this subsection shall be deemed to have exhausted his administrative remedies with respect to such request if the agency fails to comply with the applicable time limit provisions of this paragraph."); *Matthews v. Exec. Off. of United States Att'ys*, No. 21-50829, 2022 WL 1055178, at *1 (5th Cir. Apr. 8, 2022) (stating that "[i]f an agency has not complied within the statutory time limits of an FOIA request, the requester shall be deemed to have exhausted his administrative remedies and [may] bring suit."); *see also Reep*, 302 F. Supp. 3d at 180 (stating that a FOIA claim accrues when a person has actually or constructively exhausted all administrative remedies).

The FOIA statute provides two relevant provisions as to when exhaustion of remedies occurs. First, if an agency receives a request but fails to respond within 20 business days, the

6

requester is deemed to have exhausted their administrative remedies and the six-year statute of limitations in § 2401(a) begins to run. *See* 5 U.S.C. § 552(a)(6)(A)(i); *Harris*, 2006 WL 3342598, at *6. This provision is applicable to Dr. Brook's FOIA request 2016-00450. Dr. Brook filed this request on March 17, 2016, and no allegations in his *Complaint* indicate that HHS responded within 20 business days. Doc. No. 2 at 18–19. In fact, Dr. Brook states that as of the date his *Complaint* was filed, "HHS still has not responded to Dr. Brook's March 17, 2016-FOIA request 2016-00450-FOIA-OS." Doc. No. 2 at 18, ¶ 66. Thus, the six-year statute of limitations began to run on April 14, 2016. Dr. Brook had until April 14, 2022, to file his FOIA claim regarding request 2016-00450, but filed his *Complaint* on October 20, 2023—18 months after the six-year statute of limitations expired. *Id.* Dr. Brook's claim related to FOIA request 2016-00450 is therefore time-barred, and this court is without subject matter jurisdiction to consider the claim. Accordingly, this claim should be dismissed.

The second relevant provision for exhaustion of remedies under FOIA is when an agency receives an appeal of a previous request but fails to respond within 20 business days after receipt of the appeal. 5 U.S.C. § 552(a)(6)(A)(ii). Once 20 days have elapsed with no response from the agency, the requester has exhausted their administrative remedies and the six-year statute of limitations in § 2401(a) begins to run. *Id.; see, e.g.*, *Agolli v. Off. of Inspector Gen., U.S. Dep't of Just.*, 125 F. Supp. 3d 274, 281–82 (D.D.C. 2015) (finding that plaintiff constructively exhausted administrative remedies no later than 20 business days after her final administrative appeal); *see also Kenney v. U.S. Dep't of Just.*, 700 F. Supp. 2d 111, 115 (D.D.C. 2010) (same). This provision is applicable to Dr. Brook's appeals of his FOIA requests 16F116 and 16F128.[3]

---

[3] Dr. Brook states in his *Complaint* that these original FOIA requests were assigned new case numbers on appeal. Doc. No. 2 at 17. While not perfectly clear from the *Complaint*, it seems that request 16F116 was assigned case number 17-0030-AA, and request 16F128 was assigned case number 17-0036-AA. *Id.* For clarity, the

Dr. Brook filed request 16F116 on February 20, 2016, and request 16F128 on February 25, 2016. Doc. No. 2 at 16–17. HHS responded to both requests on March 10, 2017. *Id.* at 17. Dr. Brook was dissatisfied with these responses and filed his appeal of both requests on March 13, 2017. *Id.* Dr. Brook alleges no facts indicating that the agency responded to these appeals within 20 business days.[4] Thus, the six-year statute of limitations in § 2401(a) began to run on April 10, 2017, and Dr. Brook had until April 10, 2023, to file his FOIA claim. Dr. Brook filed his *Complaint* on October 20, 2023—six months after the six-year statute of limitations expired. *Id.* Dr. Brook's claims related to FOIA request 16F116 and 16F128 are therefore time-barred, and this court is without subject matter jurisdiction to consider the claims. Accordingly, these claims should be dismissed.

In his *Response*, Dr. Brook cites past Fifth Circuit precedent and out-of-circuit authority in asserting that this court should find that the limitations period in § 2401(a) is not jurisdictional. Doc. No. 11 at 15–16. The undersigned disagrees. While Dr. Brook correctly identifies a circuit split,[5] and the Fifth Circuit has some conflicting precedent on the issue,[6] the cases identified by Dr. Brook do not alter the undersigned's conclusion. The most recent and majority of Fifth Circuit precedent, which binds this court, establishes that the limitations period in § 2401(a) is

---

undersigned will refer to these two FOIA appeals by their original request case numbers, request 16F116 and request 16F128.

[4] Dr. Brook states that "[a]fter pendency of more than 6 years, on September 25, 2023-HHS FOIA Officer William Holzerland denied Dr. Brook's appeal[s]." Doc. No. 2 at 17.

[5] *Compare General Land Office*, 947 F.3d at 318 (finding that the limitations period in § 2401(a) is jurisdictional) *with Herr v. U.S. Forest Service*, 803 F.3d 809, 817 (6th Cir. 2015) (finding that the limitations period in § 2401(a) does not provide a jurisdictional limit) *and Cedars-Sinai Medical Center v. Shalala*, 125 F.3d 765, 770 (9th Cir. 1997) (same).

[6] *See*, *e.g.*, *Louisiana v. U.S. Army Corps of Eng'rs*, 834 F.3d 574, 584 (5th Cir. 2016) ("Timeliness [under § 2401(a)] does not raise a jurisdictional issue in this court."); *see also Clymore v. United States*, 217 F.3d 370, 374 (5th Cir. 2000) ("[T]he doctrine of equitable tolling has potential application in suits, like this one, that are governed by the statute of limitations codified at 28 U.S.C. § 2401(a).").

jurisdictional.  *See General Land Office*, 947 F.3d at 318; *Am. Stewards of Liberty*, 960 F.3d at 229; *Ades*, 2022 WL 1198206, at *1.  Accordingly, Dr. Brook's arguments on this issue are unavailing.

Dr. Brook also contends that even if his FOIA claims are time barred, this court should apply the doctrines of equitable tolling and promissory estoppel to toll the statute of limitations.  Doc. No. 11 at 12.  However, because § 2401(a) is jurisdictional, Dr. Brook's arguments regarding equitable tolling and promissory estoppel cannot save his claims.  A jurisdictional limitations period is not subject to equitable tolling.[7]  *See United States v. Wong*, 575 U.S. 402, 408–09 (2015).  In *Wong*, the Court stated that when a litigant fails to comply with a time bar that is jurisdictional, this failure "deprives a court of all authority to hear a case."  *Id.*  Moreover, "a court must enforce the limitation even if the other party has waived any timeliness objection," and must do so "even if equitable considerations would support extending the prescribed time period."  *Id.* at 409.  Because the most recent Fifth Circuit precedent establishes that § 2401(a) is jurisdictional and the undersigned finds that Dr. Brook's claims are untimely, this court is deprived of subject matter jurisdiction over this case and equitable tolling does not apply.

Even if § 2401(a) were not jurisdictional, Dr. Brook still fails to allege facts showing that he is entitled to either equitable tolling or promissory estoppel.  Dr. Brook contends that equitable tolling applies here because HHS "misled [him] into believing it was working on his FOIA and Privacy Act appeal and pending FOIA and Privacy Act request but was delayed from responding

---

[7] Defendants identify decisions from other district courts in the Fifth Circuit that reach the same conclusion in their *Reply*.  Doc. No. 12 at 4; *see Star v. Sec'y of U.S. Dep't of Homeland Sec.*, No. PE:19-CV-053-DC, 2022 WL 3644188, at *2 (W.D. Tex. June 3, 2022) (noting that because § 2401(a) is jurisdictional, equitable tolling is unavailable to the plaintiff); *Porter v. Leavitt*, No. CV 22-76-BAJ-SDJ, 2023 WL 2705854, at *7 n.14 (M.D. La. Mar. 9, 2023), *report and recommendation adopted*, No. CV 22-00076-BAJ-SDJ, 2023 WL 2700697 (M.D. La. Mar. 29, 2023) (stating that "a jurisdictional limitations period is not subject to equitable tolling").  The undersigned agrees with the conclusions reached by these courts.

9

because of its 'backlog,' leading Dr. Brook to hold off on suing the Agency." Doc. No. 11 at 15. Dr. Brook alleges that HHS "misled" him based on various emails he received from the agency that updated him on the status of his various FOIA requests.[8] *See generally id.* at 8–12. Dr. Brook further alleges that HHS engaged in "a scheme and affirmative communications to Dr. Brook to gull him into believing that his FOIA and Privacy Act Requests and Appeal were being reviewed, so that he would not sue HHS until after the statute of limitations expired." *Id.* at 12.

A plaintiff shows that they are entitled to equitable tolling of a statute of limitations only if they establish that (1) they have been pursuing their rights diligently, and (2) some extraordinary circumstance stood in their way and prevented timely filing. *Menominee Indian Tribe of Wisconsin v. U.S.*, 577 U.S. 250, 255 (2016). Dr. Brook fails to allege facts establishing that an "extraordinary circumstance stood in his way" and prevented timely filing of his complaint within the six-year statute of limitations for FOIA claims. As Defendants contend in their *Reply*, Dr. Brook's communications with various HHS personnel excerpted in his *Response* reveal that the agency was merely inquiring about whether he still sought to pursue his appeal and was explaining the reason for the delay in resolving the appeal. Doc. No. 12 at 4–5. None of the communications between Dr. Brook and HHS indicate that HHS misled Dr. Brook about his right to file suit, the

---

[8] For instance, Dr. Brook excerpts an email he received from the director of the HHS FOIA Division. Doc. No. 11 at 9. This email was received over three years after Dr. Brook submitted his appeal and states, in relevant part, that:

> "[t]his office is reviewing [y]our pending Freedom of Information Act (FOIA) appeals to ascertain if the information subject to the appeals is still desired . . . We appreciate your patience while your appeal has remained open. However, because of the increasing number of appeals received by the Department of Health & Human Services, . . . [we will be following] a first-in, first-out FOIA process. If you are still interested in pursuing your appeal, please sign this letter below . . . ." *Id.* Dr. Brook responded that he was still interested in receiving a response to his appeal, and the director responded "[w]e will keep your appeal open and continue to process it." *Id.* at 10.

Additionally, Dr. Brook excerpts an email he received related to his FOIA request 2016-00450, which states, in relevant part, that: "I apologize for the delay in responding to your request as we have a backlog of files. I'm writing now to ask if you are still interested in pursuing your request." *Id.* Dr. Brook responded that he was interested in pursuing his request. *Id.*

10

applicability of the statute of limitations for FOIA claims, or whether the statute of limitations was tolled. In short, nothing in Dr. Brook's *Response* shows an "extraordinary circumstance" that warrants equitable tolling of the statute of limitations. Indeed, the proper way to thwart an alleged "scheme to mislead" Dr. Brook by HHS would have been to timely file a complaint within the six-year statute of limitations, in accordance with the provisions of 5 U.S.C. § 552(a)(6)(A)(i) and § 2401(a).

Dr. Brook also fails to establish that he is entitled to equitable estoppel. He alleges that "the Agency's conduct and words amounted to an affirmative inducement to delay bringing the action." Doc. No. 11 at 12. This argument is unavailing. Courts are "exceedingly reluctant to grant equitable estoppel against the government." *Robertson-Dewar v. Holder*, 646 F.3d 226, 229 (5th Cir. 2011). A party seeking estoppel must establish five elements: "(1) affirmative misconduct by the government, (2) that the government was aware of the relevant facts and (3) intended its act or omission to be acted upon, (4) that the party seeking estoppel had no knowledge of the relevant facts and (5) reasonably relied on the government's conduct and as a result of his reliance, suffered substantial injury." Moreover, "[t]o state a cause of action for estoppel against the government, a private party must allege more than mere negligence, delay, inaction, or failure to follow an internal agency guideline." *Id.*

Absent from either Dr. Brook's *Complaint* or *Response* is any allegation that HHS ever discussed Dr. Brook's right to file a lawsuit, the statute of limitations, or tolling in its communications with him. *See generally* Doc. Nos. 2, 11. Dr. Brook has not shown any conduct by HHS that prevented him from timely filing suit sufficient to constitute "affirmative misconduct" by the agency. Thus, equitable estoppel is inapplicable here.

In any case, the undersigned repeats, for emphasis, that equitable tolling of the statute of limitations in § 2401(a) is unavailable because this limitations period is jurisdictional. *See General Land Office*, 947 F.3d at 318. Because Dr. Brook's FOIA claims are time-barred, this court lacks subject matter jurisdiction over these claims. Accordingly, Dr. Brook's FOIA claims should be dismissed.

### C. Dr. Brook's Privacy Act Claims Against HHS are Barred by the Statute of Limitations in 5 U.S.C. § 552a(g)(5)

In his *Response*, Dr. Brook clarifies that he seeks relief under the Privacy Act in addition to FOIA for requests 16F116, 16F128, and 2016-00450, pursuant to 5 U.S.C. § 552a(d)(1). Doc. No. 11 at 23; Doc. No. 2 at 19. Privacy Act claims have a two-year statute of limitations. *See* 5 U.S.C. § 552a(g)(5). A claim under the Privacy Act accrues when the plaintiff knew or had reason to know of the alleged Privacy Act violation. *Smith v. U.S.*, 142 F. App'x 209, 210 (5th Cir. 2005).

Even construing Dr. Brook's Privacy Act allegations liberally, as the court must for a pro se litigant, these allegations are vague and conclusory. The undersigned discerns that Dr. Brook's Privacy Act claims are based on the same facts as his FOIA claims, namely, that HHS has not provided adequate responses to his requests for certain documents. *See generally* Doc. No. 2 at 16–20. The undersigned finds that Dr. Brook knew of the alleged Privacy Act violations at the time he filed his various FOIA requests in 2016, but he did not file his *Complaint* until October 20, 2023. Doc. No. 2. This well exceeds the two-year statute of limitations for Privacy Act claims, regardless of the precise accrual date of those claims. Thus, Dr. Brook's Privacy Act claims are time-barred by the statute of limitations. Additionally, just as with his FOIA claims, Dr. Brook fails to allege sufficient facts to support any equitable tolling of the two-year statute of limitations. Accordingly, Dr. Brook's Privacy Act claims should be dismissed.

### IV. <u>Conclusion</u>

Based on the foregoing, the undersigned concludes that Defendants' *Motion to Dismiss* (Doc. No. 9) should be **GRANTED.**

### V. <u>Objections</u>

Pursuant to 28 U.S.C. § 636(b)(1)(C), each party to this action has the right to file objections to this Report and Recommendation. Objections to this Report must (1) be in writing, (2) specifically identify those findings or recommendations to which the party objects, (3) be served and filed within fourteen (14) days after being served with a copy of this Report, and (4) be no more than eight (8) pages in length. *See* 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b)(2); E.D. TEX. CIV. R. CV-72(c). A party who objects to this Report is entitled to a *de novo* determination by the United States District Judge of those proposed findings and recommendations to which a specific objection is timely made. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b)(3).

A party's failure to file specific, written objections to the proposed findings of fact and conclusions of law contained in this Report, within fourteen (14) days of being served with a copy of this Report, bars that party from: (1) entitlement to *de novo* review by the United States District Judge of the findings of fact and conclusions of law, and (2) appellate review, except on grounds of plain error, of any such findings of fact and conclusions of law accepted by the United States District Judge. *See Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

SIGNED this 13th day of August, 2024.

_____
Zack Hawthorn
United States Magistrate Judge