| | |
|---|---|
| **UNITED STATES DISTRICT COURT** | **EASTERN DISTRICT OF TEXAS** |

ADAM BROOK, §
§
      Plaintiff, §
§
v. §
§ NO. 1:23-CV-00379-MAC-ZJH
WILLIAM HOLZERLAND, FOIA §
OFFICER; AND U.S. DEPARTMENT OF §
HEALTH AND HUMAN SERVICES, §
§
      Defendants. §

## ORDER OVERRULING OBJECTIONS AND ADOPTING MAGISTRATE JUDGE'S REPORTS AND RECOMMENDATION

On October 20, 2023, the court referred this case to the Honorable Zack Hawthorn, United States Magistrate Judge, for pretrial management. Pending before the court is Defendants William Holzerland and U.S. Department of Health and Human Service's (HHS) *Motion to Dismiss* (Doc. No. 9). On August 13, 2024, Judge Hawthorn issued his Report and Recommendation (Doc. No. 19), which recommends granting Defendants' motion. On August 26, 2024, Plaintiff Adam Brook filed objections to Judge Hawthorn's report (Doc. No. 21). On September 9, 2024, Defendants filed a response to those objections (Doc. No. 24).

A party who files timely written objections to a magistrate judge's report and recommendation is entitled to a *de novo* determination of those findings or recommendations to which the party specifically objects. 28 U.S.C. § 636(b)(l)(c); Fed. R. Civ. P. 72(b)(2)–(3). The court has reviewed Judge Hawthorn's Report and Recommendation and has considered Brook's objections. The court holds that Judge Hawthorn's findings and conclusions of law are correct, and that Brook's objections are without merit.

1. **Objection 1: Brook's FOIA claims did not accrue until he was injured by HHS's final agency action under** *Corner Post, Inc. v. Bd. of Governors of Fed. Reserve Sys.*, **144 S. Ct. 2440.**

Brook argues that his FOIA claims did not accrue until a final agency action factually injured him. Doc. No. 21 at 4–5 (discussing *Corner Post*, 144 S. Ct.). In *Corner Post*, the Supreme Court applied this same accrual standard to an APA claim.[1] *Corner Post*, 144 S. Ct. at 2449. Brook explains that because the FOIA is part of the APA, his FOIA claims enjoy the same standard. Doc. No. 21 at 4–5. If that were true, two of his FOIA claims would not have accrued until HHS[2] denied his administrative appeal. *Id.* at 5. In the same line of thinking, his third FOIA claim—which he never appealed—might not have accrued at all because HHS's non-response "injures [him] anew every day." *Id.* at 6. For the reasons set forth below, *Corner Post* is not controlling.

FOIA claims and APA claims accrue when the elements of each claim are present. Both claims share a statute-of-limitations provision, 28 U.S.C. § 2401(a). Under this provision, a claim against the United States must be "filed within six years after the right of action first accrues." *Id.* In general, a claim accrues whenever it is "complete and present," and a litigant can sue. *Corner Post*, 144 S. Ct. at 2451 (quoting *Bay Area Laundry and Dry Cleaning Pension Trust Fund v. Ferbar Corp. of Ca.*, 522 U.S. 192, 201).

But unlike APA claims, FOIA claims do not require an injury from an agency's final action. To bring an APA claim, a litigant must show that a "final agency action," 5 U.S.C. § 704, caused his injury, *Director, Office of Workers' Compensation Programs v. Newport News*

---

[1] The court refers to claims under 28 U.S.C. § 702 and § 704 as "APA claims."

[2] HHS is effectively the sole remaining defendant because Brook has agreed to dismiss his claims against William Holzerland. *See* Doc. No. 19 at 5, n.5.

*Shipbuilding & Dry Dock Co.*, 514 U.S. 122, 127.  However, to bring a FOIA claim, a litigant needs to show only that he exhausted his remedies, 5 U.S.C. § 552(a)(6)(C)(i), and that the agency improperly withheld documents, *Goldgar v. Office of Admin., Executive Office of the President*, 26 F.3d 32, 34 (5th Cir. 1994).  To bring a Privacy Act claim, the litigant needs either to know or have reason to know about a violation.  *Smith v. United States*, 142 F. App'x 209, 210 (5th Cir. 2005).  Once those elements are complete and present, the claims accrue.  *Corner Post*, 144 S. Ct. at 2452 (quoting *Bay Area Laundry,* 522 U.S. at 201).  No factual injury or final agency action is required.[3]

Therefore, Brook's FOIA claims accrued without any factual injury or final agency action, and the statute of limitations has run.  Even if Brook had brought his claims under the APA, there is some authority to suggest that it would also fail for other reasons.[4]  At any rate, Brook's FOIA claims have lapsed, and his claims are dismissed.

Still, Brook observes that it is odd for a litigant to sue as soon as twenty days "when it is obvious that federal agencies do not respond to FOIA requests" in that time.  Doc. No. 21 at 5.  Notably, Congress designed the statute to give courts review while an agency is processing a request—not necessarily after the agency has taken final action.  *See* 5 U.S.C. § 552(a)(6)(C)(i) ("If the Government can show exceptional circumstances exist and that the agency is exercising

---

[3] To be clear, an injury from a final agency action is also not necessary for a litigant to show any of the elements in a FOIA claim or Privacy Act claim.  *See Moore v. U.S. Immigration & Customs Enf't*, 513 F. Supp. 3d 742 (W.D. Tex. 2021) (describing how a litigant was able to bring a FOIA claim before a final agency action); § 552 (explaining how a requestor is "deemed to have exhausted his administrative remedies . . . if the agency fails to comply with the applicable time limit provisions of this paragraph" even without a final agency action); *Smith*, 142 F. App'x at 210 (explaining how knowledge of a potential Privacy Act claim was sufficient to bring a claim without any analysis of a final agency action).

[4] Under § 704, an APA claim is only available when "there is no other adequate remedy in court."  Courts have routinely denied APA claims seeking FOIA-type remedies for this reason.  *See, e.g.*, *Cent. Platte Nat. Res. Dist. v. U.S. Dep't of Agric.*, 643 F.3d 1142 (8th Cir. 2011); *Citizens for Responsibility & Ethics in Washington v. United States Dep't of Justice*, 846 F.3d 1235 (D.C. Cir. 2017).

due diligence in responding to the request, the court may retain jurisdiction and allow the agency additional time to complete its review of the records."). This is a mechanism for review that was once available to Brook but is no more.

It is, therefore, ORDERED that Brook's *Objections to Report and Recommendation* (Doc. No. 21) are OVERRULED.

It is further ORDERED that Judge Hawthorn's Report and Recommendation (Doc. No. 19) is ADOPTED.

It is further ORDERED that Defendants' *Motion to Dismiss* (Doc. No. 9) is GRANTED.

Accordingly, Brook's claims against William Holzerland and the U.S. Department of Health and Human Services are DISMISSED WITH PREJUDICE.

The court will enter a Final Judgment Separately.

SIGNED at Beaumont, Texas, this 23rd day of September, 2024.

*[signature: Marcia A. Crone]*

MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE